United States District Court
Southern District of Texas
**ENTERED**
March 24, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEONARDO A. CAMPO, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-15-1091 |
| § | |
| BANK OF AMERICA, N.A., AND § | |
| MORTGAGE ELECTRONIC § | |
| REGISTRATION SYSTEMS, INC., § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

**I.    Background**

Lenardo Campo sued when his home was posted for nonjudicial foreclosure after he defaulted on the mortgage obligations. On October 4, 2007, Campo signed a $102,387.00 Texas Home Equity Note in favor of Countrywide Bank, FSB. (Docket Entry No. 1, Ex. 1 at ¶ 7). Campo also signed a Texas Home Equity Security Instrument, the Deed of Trust, in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Countrywide and its successors and assigns. (*Id.* at ¶ 2). On November 5, 2010, MERS assigned its interest in the Deed of Trust to BAC Home Loans Servicing, LP, Bank of America's predecessor-in-interest. (Docket Entry No. 5, Ex. C). Bank of America, N.A. currently services the note.

Bank of America initiated foreclosure procedures under Texas law based on Campo's default. (Docket Entry No. 1, Ex. 1 at ¶ 8; Docket Entry No. 5 at 1). Campo sued in the District Court of Montgomery County, Texas, seeking an injunction, a quiet-title judgment, and damages. Bank of America and MERS timely removed based on diversity jurisdiction.

Besides an injunction and declaratory judgment, Campo seeks damages for breach of contract. He alleges that MERS's assignment of its interest in the Deed of Trust to Bank of America was invalid because the individual whose signature appears on the assignment for MERS, Stephen C. Porter, was not a MERS employee when he signed, was not authorized to sign on MERS's behalf, did not sign before a notary public, and did not himself sign the document. (Docket Entry No. 1, Ex. 1 at ¶¶ 10-13).

Campo also argues that the language in the Deed of Trust did not allow Bank of America to foreclose. (*Id.* at ¶¶ 15-16). The Deed of Trust granted the "Lender" the power to foreclose. (Docket Entry No. 5, Ex. B). Campo argues that Bank of America was not the "Lender," making its foreclosure attempt wrongful and a breach of the Deed of Trust. (Docket Entry No. 1, Ex. 1 at ¶¶ 15-16). Campo also alleges that the Deed of Trust required the Note and Deed of Trust to be transferred together in order for the lender to foreclose, but that Bank of America received only the Deed of Trust. (Docket Entry No. 1, Ex. 1 at ¶ 28).

Campo additionally alleges that Bank of America and MERS violated § 50(a)(6) of the Texas Constitution by issuing a loan in excess of 80 percent of the property's market value and by failing to provide all applicable loan documents and acknowledgments. (*Id.* at ¶¶ 32-36).

Finally, Campo seeks a declaratory judgment that: 1) he is the prevailing party; 2) the Deed of Trust is null and void; 3) Bank of America has no enforceable lien; 4) no other defendant has an enforceable claim against the property; 5) there are no adverse claims to the property; 6) he is entitled to exclusive possession; 7) he owns the property in fee simple and is entitled to quiet and peaceful possession; and 8) Bank of America and MERS have no interest in the property. (*Id.* at ¶¶ 32-36).

Bank of America and MERS moved to dismiss, Campo responded, and Bank of America and MERS replied. (Docket Entries No. 5, 9, 10). While the motion to dismiss was pending, the court granted a joint motion to stay to allow the parties to pursue a loan modification. (Docket Entry No. 20). The parties have since told the court that they cannot agree on a loan modification and the motion to dismiss is ripe for decision. The court grants Campo leave to file a surreply. (Docket Entries No. 28, 29).

Based on the motion, the response and replies, the record, the pleadings, and the arguments of counsel, the court grants the motion to dismiss. Because amendment would be futile, the dismissal is with prejudice. Final judgment is entered separately.

The reasons are explained below.

## II.     The Legal Standard for a Motion to Dismiss

A pleading is deficient and may be dismissed under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than

3

a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do.'" *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. at 555). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* (quoting *Twombly*, 550 U.S. at 558).

"On a Rule 12(b)(6) motion, a district court generally 'must limit itself to the contents of the pleadings, including attachments thereto.' The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp., 748 F.3d 631, 635 (5th Cir. 2014) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). Other courts approve the same practice. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." (citations omitted)); *see also Field v. Trump*, 850 F.2d 938,

949 (2d Cir. 1988) (citation omitted); *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . ." FED. R. CIV. P. 15(a)(1). A party may also amend its pleadings by leave of court or by written consent of the adverse party. FED. R. CIV. P. 15(a)(2). The purpose of this rule is to "enable a party to assert matters that were overlooked or were unknown at the time the party interposed the original complaint or answer." 6 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1473 (3d ed. 2015). A party may make a Rule 15(a) amendment to add a party to an action. *Id.* § 1474.

A district court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotation marks omitted). "A district court must possess a substantial reason to deny a request for leave to amend, but leave to amend is by no means automatic." *Id.* (citation omitted) (quotation marks omitted). "Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). A proposed amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). "[T]he same standard of legal sufficiency as applies under Rule 12(b)(6)" applies to determining futility under Rule 15. *Id.* (quotation marks omitted).

**III. Analysis**

    **A. The Issue of Standing to Challenge the Assignment**

Campo argues that MERS's assignment of the Deed of Trust is invalid. Bank of America and MERS respond that Campo lacks standing to challenge the assignment.

Under Texas law, "assignments are contracts that are only enforceable by parties to the contract." *Hazzard v. Bank of Am. NA*, No. C–12–127, 2012 WL 2339313, at *3 (S.D. Tex. June 19, 2012) (citing *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002) (per curiam)). In *Tri-Cities Constr. Inc. v. Am. Nat'l Ins. Co.*, 523 S.W.2d 426 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ.), the court distinguished between assignments that are void and those that are voidable, holding that only the latter are subject to challenge by an obligor:

> The law is settled that the obligors of a claim may defend the suit brought thereon on any ground which renders the assignment void, but may not defend on any ground which renders the assignment voidable only, because the only interest or right which an obligor of a claim has in the instrument of assignment is to insure himself that he will not pay the same claim twice.

*Id.* at 430; *see also Tyler v. Bank of America, N.A.*, No. SA-12-CV-00909-DAE, 2013 WL 1821754, at *5 (W.D. Tex. Apr. 29, 2013) (holding that a mortgagor has standing to attack an assignment that is void but not one that is voidable). A void contract is "invalid or unlawful from its inception," while a voidable contract "is one where one or more of the parties have the power, by the manifestation of an election to do so, to avoid the legal relations created by the contract." 17A C.J.S. CONTRACTS § 169.

Campo argues that he has standing to challenge the assignment because Porter's signature was not real but "robosigned," and therefore the assignment is void. This theory is foreclosed by *Reinagel v. Deustsche Bank National Trust Company*, 735 F.3d 220 (5th Cir. 2013). In that case,

the plaintiff-borrowers sued to enjoin the foreclosure of their home, arguing that MERS's assignment of the deed of trust was void because the signature on the assignment was "robosigned." *Id.* at 224. The *Reinagel* defendants argued that the plaintiffs lacked standing to challenge the assignments. The Fifth Circuit noted initially that, under Texas law, an obligor, including a mortgagor, "cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor." *Id.* at 225. The mortgager can defend only on grounds that make the assignment void. "Texas courts follow the majority rule that the obligor may defend on any ground that renders the assignment void." *Id.* (internal quotations and emphasis omitted). The Fifth Circuit held that the *Reinagel* plaintiffs' challenges raised grounds that could make the assignment voidable, but not void. *Id.* at 226–28.

The Fifth Circuit rejected the argument that the purportedly robosigned, unauthorized signature on the documents assigning the deed of trust made the assignment void. The court noted that the Texas Supreme Court had "clarified that a contract executed on behalf of a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded principal." *Id.* at 226 (citing *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976)). The plaintiffs' claim that the assignment was void because it was "robosigned" or scanned was a "red herring" because "Texas recognizes typed or stamped signatures—and presumably also scanned signatures—so long as they are rendered by or at the direction of the signer." *Id.* at 227. The plaintiffs had not alleged or pointed to facts showing that the signature was made or scanned without authorization. *Id.*

Under *Reinagel*, Campo's allegations about Porter's signature do not give rise to an inference that the assignment was void under Texas law. Campo's allegations at most made the assignment

7

voidable, at the election of Bank of America or MERS. *See Reinagel*, 735 F.3d at 225 (noting that under Texas law, "a contract executed on behalf of a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded principal"); *see also Davis v. Countrywide Home Loans, Inc.*, 1 F. Supp. 3d 638, 643 (S.D. Tex. Mar. 3, 2014) ("It is settled that . . . a deed [executed by a person fraudulently misrepresenting her agency] is valid and represents prima facie evidence of title until there has been a successful suit to set it aside . . . [which] can only be maintained by the defrauded [principal]." (alterations in original) (quoting *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976))).

Campo does not have standing to challenge the assignment. The insufficiency of the assignment is the sole basis of his claims to prevent foreclosure and to quiet title. Those claims are dismissed, as is his breach-of-contract claim premised on an invalid assignment. Because amendment would be futile, the dismissal is with prejudice.

### B. The Issue of Standing to Foreclose

Campo bases his breach-of-contract claims on the theory that the Deed of Trust granted the "lender" the power to foreclose and that Bank of America was not the "lender." This theory fails because the Deed of Trust expressly allows MERS, as nominee for the lender, to foreclose. (Docket Entry No. 5, Ex. B). MERS assigned its interest in the Deed of Trust to Bank of America. (Docket Entry No. 5, Ex. C). Bank of America therefore has standing to foreclose on the property. *See Reece v. U.S. Bank Nat. Ass'n*, 762 F.3d 422, 425 (5th Cir. 2014) (per curium) ("Our Court has expressly recognized that MERS may assign a deed of trust to a third party and that such assignments confer the new assignee standing to non-judicially foreclose on property associated with

that particular deed of trust." (citing *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253–55 (5th Cir.2013))).

Campo also alleges that Bank of America lacks the ability to foreclose because the Note and the Deed of Trust have been split. (Docket Entry No. 1, Ex. 1 at ¶ 28). The Fifth Circuit has rejected the "split-the-note" theory of liability. In *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013), the court held that, if the foreclosing party is a mortgage servicer and the mortgage has been properly assigned, "[t]he party to foreclose need not possess the note itself." 722 F.3d at 255. "The 'split-the-note' theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned." *Id.*

The split-the-note theory of liability was also inconsistent with recognizing foreclosure as an independent action enforcing the deed of trust, not the underlying note. Foreclosure may be conducted without a judicial proceeding. *Wells v. BAC Home Loans Serv., L.P.*, No. 10-ca-350, 2011 WL 2163987, at *2 (W.D. Tex. 2011) (citing *Slaughter v. Qualls*, 162 S.W.2d 671, 675 (1942)). By contrast, an action to enforce the note requires judicial action and oversight. The Fifth Circuit noted that its rejection of the split-the-note theory was consistent with the "weight of Texas authority." *Martins*, 772 F.3d at 255; *see also Harris Cty. v. MERSCORP Inc.*, 791 F.3d 545, 555 (5th Cir. 2015) ("[I]f the note is assigned, then the new noteholder has the right to foreclose on the property identified in the deed of trust that secures the note, whether or not the noteholder also possesses or is assigned the deed of trust. The beneficiary of the deed of trust likewise has the right to foreclose.").

Campo argues that *Martins* is not determinative, because the parties were free to contract around this decision by requiring a foreclosing party to hold both the Note and the Deed of Trust.

Campo does not identify the language in the Deed of Trust that imposes this requirement, and it would not negate the additional language in the Deed of Trust granting MERS, as the lender's nominee, the power to foreclose. MERS assigned its interest to Bank of America, including the power to foreclose.

For the reasons stated in *Martins*, which is binding on this court, Campo's contention that Bank of America lacks standing to foreclose because the Note and Deed of Trust were split does not provide a basis for relief. This claim is dismissed with prejudice, because amendment would be futile.

    **C.**    **The Quiet-Title Claim**

Under Texas law, "[a] suit to clear or quiet title—also known as suit to remove cloud from title—relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). This equitable action "exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (quoting *Thomson v. Locke*, 1 S.W. 112, 115 (1886)). "Under Texas law, to prevail in a suit to quiet title, the plaintiff must prove: (1) his right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid." *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014) (per curiam) (citing *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.)). "'The plaintiff has the burden of supplying the proof necessary to establish his superior equity and right

to relief,'" and "the plaintiff 'must prove and recover on the strength of his own title, not the weakness of his adversary's title.'" *Id.* (alteration omitted) (quoting *Hahn*, 321 S.W.3d at 531; *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.)).

"Texas courts have made clear that 'a necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note.'" *Cook-Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012) (omissions in original) (quoting *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.)); *see also James v. Wells Fargo Bank, N.A.*, No. 14-cv-0449, 2014 WL 2123060, at *8 (S.D. Tex. May 21, 2014). The plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, rev. denied)

Campo is in default and has not alleged that he has tendered the balance of his loan. His quiet-title claim is legally insufficient for this additional reason and is dismissed. The dismissal of the claim is with prejudice because amendment would be futile.

### D.     Violations of the Texas Constitution

Campo's claims under § 50(a)(6) of the Texas Constitution have a four-year limitations period. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 674-76 (5th Cir. 2013). The period begins to run when the loan closes. *Id.* The loan in this case closed on October 4, 2007, well outside the four-year limitations deadline.

Campo notes that the court in *Wood v. HSBC Bank USA, N.A.*, 439 S.W.3d 585, 595 (Tex. App.—Houston [14th Dist.] 2014, pet. granted), left open the posibility that an ongoing and continuous violation of § 50(a)(6) could toll the limitations period. But while that decision noted

11

that the appellant had waived the tolling argument, it expressed no opinion on the merits. Nor has Campo alleged facts showing that Bank of America or MERS's violations of § 50(a)(6) were continuous and ongoing. Campo's claims based on violations of the Texas Constitution are dismissed as untimely. Because amendment would be futile, the dismissal is with prejudice.

### E. The Claim for Declaratory Relief

Campo also seeks a declaratory judgment. The declaratory judgment he seeks depends on claims that have been dismissed. The declaratory-relief claims must be dismissed as well. *Davis*, 1 F. Supp. 3d 638, 646 (S.D. Tex. 2014); *see also Val–Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 F. App'x 398, 400–01 (5th Cir. 2011) (per curiam) (explaining that "[o]nce the district court had dismissed the underlying [substantive] claims, there were no claims for which [it] could grant declaratory relief") (alterations in the original).

## VI. Conclusion

The motion to dismiss, (Docket Entry No. 5), is granted, with prejudice. Final judgment dismissing the case is entered by separate order.

SIGNED on March 24, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge